## Abril v. Méndez.

Apelación procedente de la Corte de Distrito de Aguadilla.

No. 71.—Resuelto en mayo 1, 1907.

PREUBAS—PRESUNCIÓN EN CONTRA DE LA PARTE QUE DEJE DE APORTAR LA MEJOR PRUEBA.—Si una parte tuviera oportunidad de ofrecer una prueba superior á la aportada por ella misma al juicio, y dejare de hacerlo, se presumirá que el resultado de tal prueba, si se hubiera practicado, hubiera sido perjudicial para dicha parte.

ID.—PRUEBA TESTIFICAL.—Si al declarar un testigo se refiriere á asientos verificados en un libro, y sólo utilizare éste para refrescar su memoria, declarando con respecto á las constancias obrantes en el mismo como de *conocimiento propio,* la prueba así aportada tiene el carácter de *testifical* y surte efecto como tal.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Acuña y Méndez.*

Abogados del apelado: *Sres. Sweet, Rossy y Campillo.*

El Juez Presidente Sr. Quiñones emitió la opinión del tribunal.

Don J. O. Abril, como apoderado de la sucesión de S. Amell, compuesta de su viuda Doña Sofía Pretel y Benito, y sus

menores hijos María del Pilar, Salvador Agustín y María de la Consolación, dedujo demanda contra Don Eduardo Méndez, vecino del poblado de Moca, del término municipal de Aguadilla, y en ella alegó que era apoderado de la sucesión de S. Amell, debidamente nombrado, en virtud de la escritura de sustitución de poder otorgada á su favor en 4 de julio de 1904, ante el notario de Aguadilla, Don Juan Mercader, por Don Agustín Amell y Massó, apoderado general á su vez de la referida sucesión S. Amell, según escritura otorgada ante el mismo notario por Doña Sofía Pretel, por su propio derecho, y en concepto de madre de sus menores hijos, ya nombrados; que el demandado es deudor á la sucesión de S. Amell en la suma de cuatrocientos cuarenta y nueve pesos ochenta y cuatro centavos procedentes de cantidades recibidas por dicho demandado en concepto de refacción y para otras atenciones, según aparece de la cuenta corriente llevada en los libros del causante Salvador Amell y Massó, y cuya liquidación arroja un saldo en contra del demandado por la cantidad ya referida, incluyendo los intereses al 12% anual hasta el 20 de noviembre de 1906; que dicha cuenta se originó y desarrolló en la forma siguiente: el demandado en abril 30 de 1903, tenía en su favor como resultado de una liquidación anterior, un haber de cuatrocientos cincuenta pesos cincuenta y nueve centavos y habiendo ido tomando este montante hasta agotarse, se le fué facilitando metálico en efectivo y á su solicitud, hasta la cantidad de $1,783.00, incluyendo en esta cantidad un giro sobre la ciudad de Barcelona de $500.00, que tomó dicho demandado en diciembre 17 de 1903. Contra dichos avances el demandado entregó y abonó 6,234 quintales de caña con 7 libras, á razón de 14 centavos el quintal, lo cual, unidos á los resultantes de su haber, forman un total de $1,358.36, que es la cantidad que le ha sido abonada. De manera, que queda sin habersé abonado por el demandado una diferencia, que con los intereses al 12 por ciento, es igual á la cantidad que se reclama. Que tal diferencia, ascendente á la suma de $449.84, no ha sido satisfecha por el demandado, á

pesar de habérsele requerido amistosamente para su pago; y, por tanto, suplica el demandante á la corte, que mediante las formalidades legales dicte fallo á su favor en la representación que ostenta, por la suma de $449.84, así como se conceda cualquier otro remedio que proceda con arreglo á derecho, condenándose además al demandado al pago de las costas.

La parte demandada compareció y presentó excepción previa á la demanda, ante la corte de distrito de Aguadilla, fundándose en que dicha corte no tenía jurisdicción, puesto que se reclamaba una cantidad menor de $500.00, y en estos casos la corte municipal es la competente, no pudiendo iniciarse la causa en la corte de distrito, como está titulada la demanda: presentó, además, contestación á la demanda, negando todos y cada uno de los hechos consignados en la misma, acerca de la deuda en ella expresada y de que se hubiera expedido un giro con fecha de 17 de diciembre de 1903.

En 28 de mayo de 1906 la Corte de Distrito de Aguadilla dictó sentencia declarando que la ley y los hechos están en parte á favor del demandante y en parte á favor del demandado, y ordenando que la sucesión de S. Amell Massó recobre de Eduardo Méndez la suma de $385.64, y que éste sea relevado de pagar $19, importe de las siguientes partidas: valor de una pieza de madera entregada al Sr. Amell, $4, arreglo del camino de Duprey, cosecha de 1902-03, $5; arreglo del camino, cosecha de 1903-04, $10; y los intereses al 1 por ciento que le reclama el demandante y cuyos intereses no debe satisfacer desde la liquidación de 30 de abril de 1903; y ordena, además, que cada parte pague sus costas.

Apelada esa sentencia para ante este tribunal por la representación de la parte demandada, se formuló y aprobó por el juez de la Corte de Distrito de Aguadilla, la correspondiente relación de hechos que contiene toda la prueba practicada durante el juicio, y que formando parte de los autos de esta apelación se ha sometido á la consideración de este tribunal.

Ligeramente hemos de referirnos á la excepción previa presentada por el demandado, y al efecto, hemos de manifes-

tar que constando de dicha relación de hechos que la corte desestimó la excepción porque se trataba de una apelación procedente de la corte municipal, y nó de una demanda entablada originalmente ante dicha corte de distrito, aunque la demanda estuviese titulada en dicha corte para los efectos de la apelación, opinamos que la desestimación de tal excepción estuvo bien acordada, siendo de confirmarse la resolución de la corte inferior sobre la misma.

De la prueba practicada en el juicio se viene en conocimiento de que los reparos formulados por el demandado Don Eduardo Méndez á la cuenta presentada por el demandante y cuyo saldo trata de cobrar por medio de la presente demanda, son como sigue:

1. Una partida de $200, que con fecha de junio 27, 1903, figura en la cuenta del demandante como efectivo entregado al demandado y cuya suma asegura éste no haber tomado_____ $200. 00

2. Diferencia en peso de las entregas de caña verificadas por el demandado durante el año 1903, arreglada con el administrador de la hacienda Coloso, Sr. Juliá, perteneciente dicha hacienda á la Sucesión Amell_____ 17. 00

3. Valor de una pieza de madera entregada al Sr. Amell, cuyo importe de $4, no aparece abonado al demandado en la cuenta del demandante_____ 4. 00

4. Arreglo del camino de Duprey, cosecha 1902-03 por cuenta del Coloso, según convenio con Don Salvador Amell, y que tampoco aparecen abonados en la cuenta del demandante_____ 10. 00

5. Diferencia en precio de caña entregada en la hacienda Monserrate sobre 277,400 ks. á 15 cts., habiéndoseles abonado sólo á 14 centavos en la cuenta del demandante siendo la deferencia de un centavo en quintal á favor del demandado_____ 60. 30

6. Diferencia en peso de caña entregada al Coloso en marzo de 1904, 60,070 libras, pues habiendo entregado 90,890 libras, aparecen abonadas solamente en la cuenta del demandante 20,820, importando las 60,070 libras dejadas de abonar á razón de 15 centavos_____ 90. 11

7. Diferencia en precio de un centavo én quintal sobre las
20,820 libras que le abonan como entregadas al Coloso
á razon de 14 centavos, en lugar de 15 centavos que fué
el precio convenido_____ $2. 08

Total_____ $388. 49

Estos son, como hemos dicho, los únicos reparos que hace
el demandado á la cuenta del demandante, y hemos de exa-
minar separadamente á quien correspondía el peso de la
prueba en cada uno y los elementos probatorios que en rela-
ción á los mismos fueron aportados al juicio; debemos adver-
tir, sin embargo, que en la suma total de estos reparos, hemos
copiado, según aparece en la transcripción de autos presen-
tada en esta apelación, se ha sufrido una ligera equivocación,
pues dicha suma asciende á $383.49, en vez de $388.49, como
en dicha transcripción se consigna.

La primera partida que se objeta, ó sea la de $200 es la
que figura precisamente en primer término en el Debe de la
cuenta de Don Eduardo Méndez, producida por la parte y que
corresponde con la que figura en el libro mayor presentado
por dicha parte durante el juicio. Para probar la reclama-
ción de esta partida, presentó el demandante en el acto del
juicio el libro mayor de S. Amell y Massó, á cuyos folios 147
y 349 obra la cuenta corriente de Eduardo Méndez, y pre-
sentó, además, la declaración de Don Guillermo Schomburg
que manifestó haber sido empleado de Don Salvador Amell
con el que ejerció el cargo de Cajero; que Eduardo Méndez·
llevaba relaciones de negocios con él y que con motivo de una
reclamación que se le hizo á Méndez tuvo ocasión de hacer un
extracto de la cuenta de éste, que asegura es el mismo que
se ha presentado como prueba en este juicio; que el saldo
de esta cuenta es de $421.22, y que ella corresponde con la que
aparece en el libro mayor, y que, al empezar dicha cuenta,
Méndez tenía á su favor un saldo de $450.59; que la primera
partida de $200, que figura en esa cuenta con fecha 27 de
julio de 1903, fué motivada por una suma igual tomada por

Eduardo Méndez á quien la entregó el testigo Sr. Schomburg, anotándola de su puño y letra en el libro de caja, que tenía á su cargo, reconociendo el asiento que se le mostró del libro de caja mencionado, como hecho de su puño y letra; que la misma partida de $200, se llevó al libro diario con la misma fecha de 27 de julio, en el que también verificó dicho asiento personalmente, y habiéndosele mostrado el libro diario reconoce el referido asiento como hecho por él mismo. Tenemos, por consiguiente, la declaración del testigo Sr. Schomburg, Cajero que fué de la Sucesión Amell, de haber entregado personalmente al demandado Méndez la suma de $200 en 27 de julio de 1903, en relación con los asientos de dicha partida que figuran en los libros diarios, mayor y de caja, reconocidos también por el mismo testigo como hechos de su puño y letra, como prueba de la legitimidad de la reclamación de esa partida por parte del demandante. Para destruir esta prueba presenta el demandado la declaración de Don Manuel Jiménez, tenedor de libros del mismo, en relación con los libros de la casa de éste; declara el testigo que los $200, que alega el demandante haber entregado en 27 de julio de 1903, al demandado, no figuran en los libros de éste, pero manifiesta también que no tenía conocimiento directo de los negocios de Méndez y al cargar ó abonar cantidades en sus libros lo hacía siguiendo las indicaciones de Méndez y los datos de las entregas de caña que se le proporcionaban. Resulta, pues, que, aparte de la circunstancia de no aparecer anotada la entrega de los $200, en los libros del demandado, no prueba que tal entrega no se hubiera efectuado; la última manifestación del cajero de Méndez que dejamos consignada, anula por completo su testimonio en relación con el punto que discutimos, pues es perfectamente claro que si no tenía conocimiento directo de los negocios de Méndez, y al cargar y abonar cantidades en sus libros lo hacía siguiendo sus indicaciones, dicho cajero no está en condiciones de asegurar siguiera la certeza de los asientos verificados por él, resultando en todo caso completamente ineficaz sus manifestaciones para destruir la

prueba del demandante sobre este particular; además, ni aún el propio demandado en su declaración ha tratado de arrojar la menor sombra de duda sobre lo manifestado por el testigo Schomburg de haberle entregado á él mismo los $200, en cuestión; ha tenido la oportunidad de ofrecer una prueba superior á la aportada por él con respecto á este extremo, cual era su propia declaración, bajo juramento, negando la certeza de tal entrega y al no hacerlo así, hay que aceptar, según los principios generales establecidos en nuestra ley de Evidencia, que tal prueba no le convenía, y que si se hubiera practicado le hubiera resultado perjudicial. Tampoco puede hacerse con éxito la alegación de que la circunstancia de no haber exigido el Cajero, Sr. Schomburg, el recibo de los $200, al demandado, destruye en absoluto la eficacia ó mérito de su declaración, pues esa circunstancia ha sido explicada por él en el sentido de que Don Salvador Amell, su principal, no acostumbra exigir recibos al demandado, manifestación que está corroborada con el hecho de que en la cuenta producida por el demandante constan muchas otras entregas de dinero verificadas en distintas épocas al demandado y de las que no aparece que se le haya exigido recibo alguno; asimismo resulta infructuosa la alegación de que, según el artículo 1196 del Código Civil, los asientos que figuran en los libros presentados por el demandante, sólo son admisibles como prueba en tanto en cuanto le perjudiquen, y decimos que es infructuosa, porque el mencionado testigo ha declarado con respecto á la entrega del dinero como hecho que le consta de ciencia propia y sólo se ha referido á los libros para constatar la fecha en que tal entrega se verificara, es decir, que ha utilizado sus asientos para refrescar su memoria, lo que es perfectamente válido y legal, quedando así contestadas todas las demás alegaciones que hace el apelante con respecto al valor probatorio que puedan tener los asientos de los libros de que nos venimos ocupando. Conceptuamos, por consiguiente, suficientemente probada, por parte del demandante, la entrega de

los $200 al demandado, y en este particular la sentencia recurrida no debe ser modificada.

El segundo de los reparos opuestos por el demandado á las reclamaciones del demandante, consiste en una diferencia, á su favor, en el peso de unas cañas entregadas por él, al último, durante el año 1903 y que asegura no le ha sido abonada. El peso de la prueba de este punto corresponde, desde luego, al demandado y sobre él no ha aportado más pruebas que unas cartas que constan en autos y que fueron dirigidas el demandado por el Sr. Juliá, administrador que fué de Don Salvador Amell. Esas cartas nada prueban en relación con el particular de que nos ocupamos; una de ellas está concebida en términos muy generales, y además no consta su fecha, y por esa razón no puede ser tomada en consideración; la otra tiene fecha de 17 de abril de 1905 y es contestación á una del demandado de la misma fecha, pues así se expresa en ella; en verdad, que esta última carta es de resultados contraproducentes para las pretensiones del demandado; en ella dice á éste el Sr. Juliá, entre otros particulares, y textualmente, que "La diferencia en el peso de la caña debe estar abonada á su cuenta, puesto que se dió cuenta de ello á Don Salvador y estuvo conforme * * *;" y efectivamente, si examinamos la cuenta producida por el demandante se verá que en ella figura un abono á favor del demandado, con fecha de 19 de marzo de 1904, por diferencia en peso del total de las cañas entregadas en ese año. Ahora bien, ¿ha probado el demandado que la diferencia en el peso de las cañas, de que nos habla la carta del Sr. Juliá, se refiera á cañas entregadas en el año 1903? De ningún modo, y en estas condiciones hay que presumir que dicha carta se refiere á la diferencia en peso de la caña entregada en 1904, no tan sólo porque, como hemos dicho, esa carta está fechada en abril de 1905, y es contestación á otra del demandado de esa misma fecha, sino también porque de la cuenta producida por el demandante, aparece que hubo una liquidación de las cuentas del demandado en 30 de abril de 1903, la que arrojó un saldo á favor del último de $450.59, que figura

como primera partida en el *haber* de la referida cuenta del demandante, y como no aparece que el demandado haya entragado al demandante cantidad alguna de caña después de aquella fecha hasta enero de 1904, es natural y lógico deducir que la mencionada diferencia, de que nos habla la expresada carta, se refiere á diferencia en el peso de las cañas, cuyas entregas estaban aún por liquidar, ó cuya correcta liquidación estaba gestionando el demandado, las que no pueden ser otras, según la prueba aportada al juicio que las entregadas durante el año 1904, y que como hemos dicho ha sido debidamente abonado al demandado en marzo de ese mismo año. El demandado no ha justificado, por consiguiente, en absoluto los $17, que importa la diferencia á que se refiere el segundo de sus reparos á la cuenta del demandante.

De los reparos opuestos por el demandado en tercer y cuarto lugar, ó sea los que se refieren al valor de una pieza de madera entregada al Sr. Amell y al arreglo de un camino llamado de Duprey, no tenemos que ocuparnos, pues éstos fueron apreciados por el juez de la corte de distrito en favor del demandado y contra su resolución nada objetó la parte demandante.

Los reparos que hemos anotado con los números cinco y siete debemos considerarlos conjuntamente, pues ambos se refieren á una diferencia en el precio de caña entregada que el demandante abona á razón de catorce centavos, alegando el demandado no ser ese el precio convenido con Don Salvador Amell y sí el de quince centavos por quintal. El peso de la prueba en este punto correspondía á la parte demandada, y en relación con él, aportó su propia declaración corroborada con la de dos testigos más y en cierto modo, también, con la del Sr. Schomburg; declaró el demandado, á este efecto, en el sentido de que Don Salvador Amell accedió á su pretensión de que se le abonara la caña á razón de quince centavos el quintal, por haberle manifestado el exponente que tenía pérdidas y también porque á los colonos que estaban cerca de la vía del ferrocarril se les pagaba la conducción de la caña por

Amell, en tanto que á él no se le hacía ese abono por dispo-
ner de carros para el trasporte; Amell le dijo que conti-
nuase sembrando cañas, que se las pagaría á quince centavos
con tal que se callase, y que esa conversación tuvo lugar en
el mes de mayo de 1903, y fué presenciada por los Sres.   Si-
meón Rovira y Antonio Díaz; estos declararon también, mani-
festando el primero que, efectivamente, en el mes de mayo de
1903, presenció una conversación entre Méndez y Amell con
respecto al precio de la caña, en la que el segundo dijo al
primero "yo te voy á pagar así (debe ser á tí), á quince cen-
tavos, pero es un precio que no se lo pago á nadie"; el otro
testigo Díaz manifestó que en la época mencionada oyó una
proposición hecha por Amell á Méndez, que consistía en cues-
tión de cañas; que era que Méndez le decía que no podía seguir
sembrando cañas á 13 centavos y Don Salvador le dijo que le
pagaría á 14 centavos, contestándole Méndez que no podía sino
le pagaba á quince centavos, á lo que Amell replicó: "Siembra
que tú siempre has sacado de mí lo que has querido."  · Es
cierto que en las declaraciones de estos dos testigos se notan
algunas ligeras contradicciones, pero ellas se refieren sim-
plemente á detalles ocurridos durante la conversación entre
Méndez y Amell, más en lo sustancial ambas se complemen-
tan, y consideradas sus manifestaciones en relación con el
testimonio del demandado, con lo declarado por el testigo Sr.
Schomburg que dijo que no sabía con exactitud á qué precio
pagaba Amell la caña, pero que le constaba que "á veces hacía
concesiones á algunos amigos" y que de los libros no se podía
deducir el precio á que se pagaba la caña; todas estas conside-
raciones unidas á la circunstancia de que el demandante no
ha aportado prueba alguna sobre este particular, y al hecho
de haberle abonado el demandante, al demandado, un centavo
más en cada quintal de las cañas entregadas, que abonó prime-
ramente á 13 centavos, y luego le hizo una bonificación de un
centavo por quintal, resultando así á catorce centavos, llevan
al ánimo del juzgador la certeza ó convicción moral de que
Don Salvador Amell había aceptado las proposiciones del

demandado Méndez y prestado su conformidad á satisfacer la caña que éste entregara en adelante á razón de quince centavos quintal, siendo por consiguiente bastante satisfactoria la prueba producida por el demandado sobre este particular y suficiente á justificar un pronunciamiento favorable á sus pretensiones; por lo tanto, debe abonarse al demandado, y deducirse de la suma á que ha sido condenado, la cantidad de $62.34, importe de la diferencia de un centavo por quintal sobre los 6,234.07 quintales de cañas que figuran en la cuenta del demandante como entregados por el demandado y que es objeto de los reparos números cinco y siete.

Y vamos, por último, al reparo indicado en esta opinión con el número seis, y que es el que nos queda por examinar. Consiste en una diferencia de 60,070 libras en el pago de la caña entregada en la hacienda "Coloso" en marzo de 1904, pues habiendo entregado, según alega el demandado, 90,890 libras, le fueron abonadas tan solo 20,820, resultando así la diferencia expresada. El demandante manifiesta que solamente fueron entregados en dicha hacienda diez carros de cañas, en tanto, que el demandado sostiene que entregó 41 carros; el último es el obligado á probar este extremo, y al efecto, en su declaración se limitó á exponer sencillamente que había entregado 41 carros, habiéndosele abonado solamente diez carros, sin hacer ninguna otra manifestación sobre este punto, en relación con el cual declaró también el testigo Galo María, capataz de la finca de Méndez, y encargado de anotar y enviar los carros de caña que salen de la misma para ser entregados en la hacienda "Coloso; dijo que no recordaba de memoria los carros de cañas que se enviaron á la hacienda "Coloso" y "Monserrate", por Eduardo Méndez, durante la zafra de 1904, pero que llevaba una libreta donde anotaba el número de carros de caña que se entregaban, y por ella se podían ver; se presenta esa libreta como prueba y de ella aparece que se entregaban 291 carros en la hacienda "Monserrate" y 41 carros en el "Coloso", manifestando el testigo que él mismo apuntaba esos datos y que estaba se-

guro de su exactitud, pero á preguntas del abogado de la
parte demandante contèstó "que tomaba nota del número de
carros que salían de las piezas de caña de la hacienda de
Méndez, *ya porque lo presenciase, ya porque se lo manifes-
tase el carretero que llevaba las cañas á entregar,"* es decir·
que tampoco está este testigo en condiciones de asegurar, como
hecho que le conste de ciencia propia, que los 41 carros que
aparecen anotados en la libreta, como entregados al Coloso,
fueran realmente 41 carros y nó otro número, y como algunas
de esas anotaciones· resultan tomadas á indicación de otras
personas, que no han declarado en el juicio, y como tampoco
el testigo Galo María señala el número, ni siquiera aproxi-
mado, de los carros que anotara en la libreta por haberlos pre-
senciado salir, resulta completamente ineficaz la prueba apor-
tada por el demandado para justificar sus pretensiones en el
particular que venimos estudiando.  Y no se diga que los
asientos de la mencionada libreta de Galo María concuerdan
perfectamente con los libros de Méndez, á cargo de su·tenedor
de libros, Sr. Jiménez, pues así como Galo María hacía sus
anotaciones por indicaciones de otras personas, así también
hemos visto que dicho Sr. Jiménez no tenía conocimiento
directo de los negocios de Méndez, que cargaba y abonaba,
siguiendo sus indicaciones, y los *datos de las· entregas de
cañas que se le proporcionaban,* por cuya razón hemos con-
signado que carecen de valor probatorio las anotaciones y
asientos obrantes en la libreta y libros referidos.  Frente á
esta prueba del demandado, presenta el demandante las decla-
raciones de Belén Vázquez y Lino Santiago, ambos pesadores
de caña en las haciendas "Monserrate" y "Coloso", respec-
tivamente; ambos tienen sus libretas en donde anotan el peso
de las cañas entregadas en las respectivas haciendas, y Váz-
quez reconoce la suya, y dice que era él quien pesaba la caña y
que todas las entregas.que hizo Méndez en la "Monserrate"
constan en dichas notas; el otro testigo Santiago declara que
ejercía y aun ejerce, en el "Coloso" el·cargo de pesador de
cañas; que si se le presentaran las notas ó apuntes semanales

de las entregas que hacían los interesados en el "Coloso",
podría reconocerlas y, en efecto, reconoce como suyas las que
se presentaron como pruebas; que del 13 al 19 de marzo hizo el
Sr. Méndez una entrega de cañas que asciende á 208 quintales
con 20 libras; que esa entrega ha sido abonada en los libros y
no figura ninguna otra en la semana del 13 al 19 de marzo.
Examinadas las libretas de ambos pesadores, encontramos
que contienen los mismos detalles, á excepción de que en la
libreta de la "Monserrate" se expresan las fechas en que se
efectuaron las entregas, no sucediendo lo propio con respecto
á la del "Coloso"; ambos expresan el número de carros en-
tregados, la procedencia y clase y el peso bruto, tara y peso
neto, siendo 10 carros los que aparecen entregados en el
"Coloso", con un peso neto de 20,820 libras, que son las
abonadas en la cuenta del demandante. No dudamos en mani-
festar que, dadas las declaraciones de los testigos Vázquez
y Santiago, nos merecen mayor crédito las anotaciones con-
signadas en las libretas producidas por el demandante que
las que se expresan en la del demandado, ya que las primeras
son resultado de operaciones en que intervinieron directa-
mente los mismos que las anotaron, mientras que las segun-
das, hemos visto que son de referencia. Además, por la
prueba practicada en el juicio se viene también en conoci-
miento, por propia confesión del demandado, que éste acos-
tumbraba obtener semanalmente en el "Coloso" la nota del
peso de los carros de cañas entregadas en el mismo, y si esto es
así, no se comprende como no se protestara inmediatamente de
una diferencia tan importante como son las 60,070 libras que
asegura le dejaron de abonar, y si así lo hubiera hecho, muy
fácil hubiera sido rectificar el error, pues no es posible acep-
tar que se entregaran y pesaran 31 carros de cañas, sin dejar
evidentes pruebas de haberse recibido por la hacienda. Todas
estas consideraciones nos inducen á opinar que el demandado
ha dejado de probar las diferencias que constituyen el sexto
reparo formulado por él á la cuenta que le reclama el deman-

dante y deben, por consiguiente, desestimarse sus pretensiones en relación con ese particular.

Por los fundamentos expresados en esta opinión, proponemos que se confirme la sentencia apelada, deduciéndose de los $385.64, á que fué condenado el demandado, los $63.34, importe de la diferencia de un centavo por quintal que, para completar los quince centavos del precio convenido, debe abonar el demandante al demandado sobre los 6,234.07 quintales de cañas que figuran entregados por él, condenándose, en su consecuencia, al demandado á pagar al demandante la suma de trescientos veinte y tres pesos ($323.30) y treinta centavos, confirmándose en lo conforme, y en lo que nó, revocándose la sentencia apelada, entendiéndose las costas de ambas instancias, sin especial condenación.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Hernández, Figueras, MacLeary y Wolf.